

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| ROBERT BRANNON, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 7:07-2990-HFF | |
| § | | |
| JOE GIBSON'S AUTOWORLD, and § | | |
| JOHN DOE CREDITORS, § | | |
| Defendants. § | | |

### ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE ENTRY OF DEFAULT

**I.     INTRODUCTION**

This case was filed as a Fair Credit Reporting Act matter. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1367. Pending before the Court is Plaintiff's motion to set aside entry of default. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of this Court that the motion to set aside entry of default be granted.

**II.     PROCEDURAL HISTORY**

**August 31, 2007** -- Defendant Joe Gibson's Autoworld Inc. (Defendant Autoworld) filed its notice of removal with this Court, along with an answer to the complaint and a counterclaim.

**October 23, 2007** -- The parties filed the Joint Rule 26 Report.

**October 31, 2007** -- Defendant Autoworld filed a motion for default judgment as to its counterclaims against Plaintiff.

**November 1, 2007** -- The Clerk filed an entry of default against Plaintiff as to the counterclaims.

**November 1, 2007** -- Plaintiff filed a motion to set aside the entry of default and his answer to the counterclaim.

**November 5, 2007** -- Defendant Autoworld filed its response to the motion.

**November 9, 2007** -- Plaintiff filed a reply to Defendant Autoworld's response to the motion and an amended answer.

### III.    DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 55(c) provides "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides six grounds for relief from judgment, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). "As there has been no judgment entered in the present case, Rule 55 governs this court's decision." *Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004).

The decision to set aside an entry of default is "committed to the sound discretion of the trial court" and should only be disturbed upon a finding of an abuse of discretion. *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987); *Williams v. Blitz*, 226 F.2d 463 (4th Cir. 1955); *Papagianakis v. The Samos*, 186 F.2d 257, 263 (4th Cir. 1950). Generally speaking, "a default should be set aside where the moving party acts with reasonable promptness and alleges a

meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Judge David C. Norton's decision, in *Colleton Prep.* aptly distilled Fourth Circuit treatment concerning Rule 55 and summarized the factors to be considered as follows: (1) the promptness of the defaulting party; (2) the existence of a meritorious defense; (3) the personal responsibility of the defaulting party as opposed to the party's attorney; (4) the prejudice to the party not in default; (5) whether the defaulting party has a history of dilatory conduct; and (6) the availability of sanctions less drastic. *Colleton Prep*, 223 F.R.D. at 405-06. Of these factors, courts have placed the greatest significance on the personal responsibility for the default of the defaulting party as opposed to the party's attorney. *See Moradi*, 673 F.2d at 728; *Colleton Prep*, 223 F.R.D. at 407. Judge Michael Duffy decision, in *Lewitzke v. West Motor Freight*, 2006 WL 2345986, at *2-5 (D.S.C. August 11, 2006) reiterated this approach. The Court agrees with the approach taken by these two judges and, thus, will now briefly consider each of the factors listed above.

*(1) the promptness of the defaulting party*

"Defendant [Autoworld] does not dispute that Plaintiff acted with reasonable promptness after entry of default." [Defendant Autoworld's Opposition 2 n.1.] Therefore, this factor favors Plaintiff.

*(2) the existence of a meritorious defense*

"[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727 (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 n.8 (4th Cir.1974)). The Court finds that the Plaintiff has made a sufficient

presentment to satisfy this element. To the extent that it has not, however, the more appropriate forum to consider the merits of Plaintiff's defense to Defendant's counterclaim is at a later stage of the litigation, whether by the filing of an appropriate dispositive motion, mediation, or trial.

*(3) the personal responsibility of the defaulting party as opposed to the party's attorney*

The most important of the *Colleton Prep.* factors is whether the default itself is rightly attributable to the defaulting party as opposed to their attorney. *See Moradi*, 673 F.2d at 728; *Colleton Prep*, 223 F.R.D. at 407. As Judge Duffy succinctly stated in *Lewitzke*:

> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate and the party must adequately defend its conduct . . . to show excusable neglect.

*Lewitzke*, 2006 WL 2345986, at *4.

In this case, Plaintiff's counsel failed to file a response because of an administrative oversight. Plaintiff is blameless for this error. Thus, the Court finds that this essential factor weighs heavily in favor of Plaintiff.

*(4) the prejudice to the party not in default*

There is neither an allegation nor any evidence that Defendant Autoworld was harmed by Plaintiff's failure to timely file an answer to its counterclaim or that it will be prejudiced if Plaintiff's motion to set aside the entry of default is granted. Hence, this factor weighs in favor of granting Plaintiff's request for relief.

*(5) whether the defaulting party has a history of dilatory conduct*

Again, there is neither an allegation nor any evidence of dilatory conduct in the record before the Court. Therefore, this factor also favors Plaintiff.

*(6) the availability of sanctions less drastic.*

The only sanction presented by Defendant is to hold Plaintiff in default. No other option has been given. From the discussion above, however, it appears to this Court that the drastic sanction of holding Plaintiff in default would be highly inappropriate. Therefore, this factor also weighs in favor of Plaintiff.

**IV.   CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiff's motion to set aside entry of default be **GRANTED**.[*]

**IT IS SO ORDERED**.

Signed this 27th day of August, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[*] Plaintiff's motion to enlarge the time to file his answer to the counterclaim is, therefore, necessarily granted.